**Robert LAI, Plaintiff,**

v.

**BOARD OF TRUSTEES OF EAST CAROLINA UNIVERSITY, Robert Morgan, Chairman, et al., Defendants.**

**No. 716 Civ.**

United States District Court,
E. D. North Carolina,
Washington Division.

July 22, 1971.

Jerry Paul, Greenville, N. C., for plaintiff.

Robert Morgan, Atty. Gen., of N. C., by Ralph Moody, Deputy Atty. Gen., for defendants.

## MEMORANDUM OPINION and ORDER

LARKINS, District Judge:

This cause is now before the court on a Motion to Dismiss filed by Defendants pursuant to Rule 12(b) of the Federal Rules of Civil Procedure in a civil rights action brought by Plaintiff under Title 42, United States Code, Section 1983.

Plaintiff, Robert Lai, until the Spring Quarter, 1970, was a full-time student at East Carolina University, enrolled in an education degree program which leads to a B.S. degree; one of the requirements of which is student teaching, which consists of a student being placed in a local school, under the supervision of a teacher and a college supervisor.

On July 9, 1969, Plaintiff was arrested in New York for the possession of dangerous drugs but this charge was dismissed on September 17, 1969.

During the Winter Quarter of 1969, Plaintiff made application to student teach to Dr. Thomas A. Chambliss, Director of Student Teaching and Chairman of the Teacher Education Committee. By letter of January 28, 1970, Dr. Chambliss as Chairman of the Teacher Education Committee notified Plaintiff that his application had been rejected.

Subsequently at the direction of the President of East Carolina University, Dr. Leo Jenkins, the Teacher Education Committee notified Plaintiff that it would reconsider its decision after affording Plaintiff an opportunity to be heard before the full committee. This was done on February 19, 1970, whereupon Plaintiff's application was again rejected.

Plaintiff in his Complaint contends that Defendants by their actions in denying his application to student teach have violated his rights as guaranteed by the First, Fifth, Eighth, Ninth, and Fourteenth Amendments to Constitution of the United States; to wit: that Defendants' actions were (1) arbitrary and capricious, (2) constitute cruel and unusual punishment, (3) denied Plaintiff due process of laws, and (4) constitute double jeopardy.

Defendants have filed both an original motion and two supplemental motions to dismiss with supporting affidavits and depositions. Therefore pursuant to Rule 12(b) of the Federal Rules of Civil Procedure since matters outside the pleadings have been presented, the court will consider the Motion as one for summary judgment as provided in Rule 56.

Having considered Defendants' depositions and affidavits together with Plaintiff's counter-affidavit, this court is of the opinion that no genuine issue of any material fact exists and that Defendants are entitled to judgment as a matter of law.

The depositions of Dr. Chambliss, Dr. Jenkins, Dr. Erber, and Dean Mallory reveal that Plaintiff was treated with "fundamental fairness" in the consideration of his case. It is not necessary that Defendants adopt all the formalities of a court of law. The test is

whether the proceedings were fundamentally fair and reasonable. Jones v. Board of Education, 279 F.Supp. 190. (M.D.Tenn. 1968). Here Plaintiff was given the opportunity to discuss the matter with many of the University officials individually and before the entire Teachers Education Committee. We are of the opinion that this was sufficient.

The fact that Plaintiff in his counter-affidavit denies the sworn testimony of Defendants that Plaintiff told them he smoked marihuana does not preclude the granting of this motion. As seen by the deposition of Dr. Chambliss, the Committee's decision was not based solely on Plaintiff's alleged admission, but on "the accumulative situation; his attitudes expressed to us in conference, to Dr. Erber and to me in two separate conferences, his overall academic status, his academic record at East Carolina University, and his attitude toward the law." (Dep. 29). The deposition reveals further that the representatives of Plaintiff's Department would not recommend him in the area of character fitness to student teach because they "had processed his application on two occasions, and he had failed to fulfill the assignment that they had made, he had failed to return to school in the fall quarter to complete his academic requirements as we expected; and as a result of the conference with Mr. Lai in the department, they felt that they had some serious questions about his character in terms of suitability for teaching". (Dep. 43). Additionally, the minutes of the January 27, 1970 meeting of the Teacher Education Committee reveal that the members of the Committee "expressed an ability to understand that one mistake might result in an arrest of this kind, but the repeated arrest would seem to stem from a pattern of behavior inappropriate for a prospective teacher".

This court is of the opinion that, absent a showing that university authorities acted in bad faith or exercised their discretion arbitrarily, De-

fendants are entitled to wide discretion in the regulation of the training of their students. Wright v. Texas Southern University, 392 F.2d 728 (5th Cir. 1968). Colleges and universities are not normally subject to the supervision or review of the courts in the uniform application of their *academic* standards. In the present case this court finds that Defendants were within the bounds of their discretion and therefore this court will not substitute its judgment for that of the authorities of East Carolina University.