Harold W. HORNE, Appellant,

v.

Robert D. COX et al., Appellees.

Supreme Court of Tennessee.

May 31, 1977.

Harold W. Horne, pro se.

Brooks McLemore, Jr., Atty. Gen., Robert B. Littleton, Asst. Atty. Gen., Nashville, for appellees.

## OPINION

FONES, Justice.

Plaintiff filed a petition in the chancery court, seeking to invoke its jurisdiction pursuant to the judicial review section of the Uniform Administrative Procedures Act, T.C.A. § 4–523.

Plaintiff alleged that as a student at Memphis State University Law School he received a grade on a research paper that was arbitrary and capricious and based on factors extraneous to academic performance; that he appealed his grade to the grade review committee but in processing his appeal, the committee denied his contention that the Uniform Administrative Procedures Act, T.C.A. §§ 4–507—4–527 applied and refused to provide a "contested case" hearing as authorized by T.C.A. § 4–514.

The chancellor dismissed the suit because he found no statutory or constitutional basis for providing such procedures to plaintiff.

Plaintiff maintains that the grade appeal was a contested case under the definition contained in T.C.A. § 4–508, and therefore the procedural guarantees of T.C.A. § 4–514 should have applied.

█ Plaintiff relies on the following definition of "contested case" in T.C.A. § 4–508(b):

"'Contested case' means a proceeding, including a declaratory proceeding in which the legal rights, duties or privileges of a party are required by any statute or constitutional provision to be determined by an agency after an opportunity for a hearing. Such proceeding shall include, but not be restricted to rate making; price fixing; granting of certificates of convenience and necessity; the making, review or equalization of tax assessments; the grant or denial of licenses, permits or franchises where the licensing board is not required to grant the license, permit or franchise upon the payment of a fee or the finding of certain clearly defined criteria; and suspensions of, revocations of, and refusals to renew licenses."

Plaintiff asserts that "contested case" includes any type of proceeding whatsoever involving State administrative actions regardless of whether or not there is any statutory or constitutional basis for a hearing. Thus he argues that the phrase "in which legal rights, duties or privileges of a party are required by any statute or constitutional provision to be determined by an agency after an opportunity for a hearing" modifies only declaratory proceeding.

Such an interpretation would mean that even the most minor, informal agency action would require a trial type hearing. This obviously is not the legislative intent behind T.C.A. § 4–508. In *Tidwell v. Collins,* 522 S.W.2d 674 (Tenn.1975), we stated that "the premier rule of statutory construction is to ascertain and give effect to the legislative intent." Furthermore we stated that in construing any statute:

"It is the duty of the Court to reconcile inconsistent or repugnant provisions; to place a construction thereon which will not be prejudicial to the public interest; to construe a statute so that no part will be inoperative, superfluous, void or insignificant, and that one section will not destroy another; and further to give effect to every word, phrase, clause and sentence of the Act in order to carry out the legislative intent." 522 S.W.2d at 676–677.

The construction urged by plaintiff would give no effect whatsoever to anything that comes after the first comma in T.C.A. § 4–508 unless it involved a declaratory proceeding. We therefore hold that the definition of contested case should be construed as if there were a second comma after "declaratory proceeding," and the entire parenthetical phrase thereafter modify and limit the general term "proceeding."

█ There are no constitutional or statutory provisions granting any legal rights or privileges to students in the educational institutions of this state with respect to grades for academic performance.

█ Federal due process requirements afford no relief to plaintiff. While due

process may require some type of informal hearing before a student is expelled or suspended from a state supported school, *Goss v. Lopez,* 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1976), it does not require such procedures before corporal or other minor punishment is applied to a student. *Ingram v. Wright,* —— U.S. ——, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977).

Furthermore, there is an obvious difference between due process requiring a hearing before punishment or discipline is imposed, and grade appeals. In *Mahavongsanan v. Hall,* 529 F.2d 448 (1976), the United States Fifth Circuit Court of Appeals, long a leader in affording due process to students, refused to find that due process required any type of hearing to a graduate student who was denied a masters degree stating:

> "The concern expressed by the appellants for their academic interest is well taken. The district court's grant of relief is based on a confusion of the court's power to review *disciplinary* actions by educational institutions on the one hand, and *academic* decisions on the other hand. This Court has been in the vanguard of the legal development of due process protections for students ever since *Dixon v. Alabama State Board of Education,* 5 Cir. 1961, 294 F.2d 150, *cert. denied* 1961, 368 U.S. 930, 82 S.Ct. 368, 7 L.Ed.2d 193. However, the due process requirements of notice and hearing developed in the *Dixon* line of cases have been carefully limited to disciplinary decisions. When we explained that 'the student at the tax supported institution cannot be arbitrarily disciplined without the benefit of the ordinary, well recognized principles of fair play', we went on to declare that '[w]e know of no case which holds that colleges and universities are subject to the supervision or review of the courts in the uniform application of their academic standards. Indeed, *Dixon* infers to the contrary.' *Wright v. Texas Southern University,* 5 Cir. 1968, 392 F.2d 728, 729. Misconduct and failure to attain a standard of scholarship cannot be equated. A

hearing may be required to determine charges of misconduct, but a hearing may be useless or harmful in finding out the truth concerning scholarship. There is a clear dichotomy between a student's due process rights in disciplinary dismissals and in academic dismissals." 529 F.2d at 449–450.

We think this reasoning is equally applicable to the present plaintiff.

The judgment of the chancellor dismissing plaintiff's lawsuit is affirmed. Costs are adjudged against plaintiff.

COOPER, C. J., and HENRY, BROCK and HARBISON, JJ., concur.