**Shannon Rea LESTER,
Plaintiff/Appellant**

v.

**James E. WALKER, President, MTSU
and Bonnie S. Shipp, Professor,
MTSU, Defendants/Appellees.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

May 10, 1995.

Application for Permission to Appeal
Denied by Supreme Court
Sept. 18, 1995.

Shannon Rea Lester, Goodlettsville, Plaintiff/Appellant/Pro Se.

Charles W. Burson, Attorney General and Reporter, James C. Floyd, Assistant Attorney General, Civil Litigation and State Ser-

vices Division, Nashville, for Defendants/Appellees.

## OPINION

TODD, Presiding Judge.

The captioned plaintiff has appealed from the judgment of the Trial Court dismissing her suit for failure to state a claim for which relief can be granted. Issues presented by plaintiff in the following form:

The first issue presented for review is whether the Trial Court abused its discretion and erred in not granting the plaintiff's first amended complaint and motion to continue hearing on defendants' motion to dismiss and/or for summary judgment.

The second issue presented for review is whether the presiding judge in the trial court should have recused himself due to a conflict of interest.

Plaintiff's complaint reads verbatim as follows:

The plaintiff, Shannon Rea Lester, comes before the Court and respectfully shows the following cause of action;

The plaintiff is a resident of Davidson County, Tennessee, and is a full time student at Middle Tennessee State University, located at Murfreesboro, Tennessee.

The plaintiff enrolled in the Fall Semester of 1986 and began a course of study which would conclude in a Bachelor of Science degree. A required course for graduation was English Composition, as cited in the school catalog on that date. Subsequently, the plaintiff did register for this course in the Spring Semester of 1991; the plaintiff was assigned to English Composition # 112, section 49, which the defendant, Bonnie S. Shipp, was the instructor.

During the first class meeting, the defendant, Bonnie S. Shipp, distributed to the plaintiff an assignment schedule and syllabus. This syllabus required the reading of and testing on the book, *Dessa Rose* by Sherley Williams. No other book or books were assigned and no alternate was allowed. Upon attending the class sessions, the plaintiff performed specified assignments prior to beginning the reading of the assigned book *Dessa Rose*, and read the first section and did test on this part.

Upon the reading of the second section of the book, the plaintiff became extremely embarrassed and uncomfortable by the explicit obscene material therein, much of which described a relationship between a white woman and a black male. The plaintiff stopped reading the book after this awareness and noted her concern to the instructor, who told her to complete the reading and be prepared to take the final exam for this course. The plaintiff proceeded to obtain assistance in this situation by contacting the English department head, Mr. Frank Ginanni, concerning the seriousness of the matter in being required to read obscene material. Mr. Ginanni treated the plaintiff in a very callous and condescending manner and demeaned her concern over the obscene text that she was being required to read for completion of the required course.

When the plaintiff failed to receive assistance from Mr. Ginanni and time approached to take the final exam, she enlisted her father to intervene. The plaintiff's father called the defendant, James E. Walker and arranged a meeting. The meeting was held on Thursday, May 1, 1991. The plaintiff's father received a telephone call the next day, May 2, 1991, from Mr. Walker, informing him that the plaintiff would receive an incomplete in the English course, upon not taking the final exam that day. The father responded with a letter to Mr. Walker on May 24, 1991, after receiving a letter from a Mr. Robert B. Jones, Associate Vice–President for Academic Affairs, offering an alternate book assignment. This was after the semester was over and placed a burden on the plaintiff for additional course work greater than course requirements. The father responded to defendant Walker in a letter on May 24, 1991, and has received no response as of this filing date. See Exhibits A thru E.

Further, the incomplete was changed to an F on January 27, 1992, which was most damaging to the plaintiff's career. The defendants went far and beyond the boundaries of requirements for graduation in demanding the plaintiff to study obscene

material, which is clearly in violation of the Criminal Code for the State of Tennessee and placed the plaintiff in great distress.

Wherefore, the plaintiff prays that:

1. She receive a judgment against the defendants for this breach; her grade be changed to the A she had earned up to the point of the second section of the required reading.

2. She be granted further compensatory damages from the defendants for their perpetration of a fraud against her in the amount of $850,000.00.

3. The defendants' assets be placed before the Court for the satisfaction of the plaintiff's claims against them.

4. The plaintiff be awarded the cost of this cause, including reasonable attorney's fees.

5. Such further, general and equitable relief to which the plaintiff may be entitled.

6. The plaintiff be granted a jury to hear this complaint.

On April 2, 1993, defendants moved to dismiss for failure to state a claim for which relief can be granted. On May 21, 1993, defendants filed their "Reply" (answer).

On July 8, 1993, the Trial Court sustained the motion and dismissed plaintiff's suit; but failed to adjudge the costs.

On March 11, 1994, the Trial Court rendered judgment against plaintiff for costs.

On April 4, 1994, plaintiff moved the Trial Court to vacate and set aside the July 8, 1993, judgment pursuant to T.R.C.P. Rule 60.02.

On May 31, 1994, the Trial Court entered an order vacating and setting aside the orders entered on July 8, 1993, and March 11, 1994.

On June 30, 1994, plaintiff moved for leave to amend her complaint by "restating her complaint as a First Amended Complaint."

On August 15, 1994, the Trial Court overruled plaintiff's motion for leave to amend.

On August 31, 1994, the Trial Court entered an order sustaining defendants' motion to dismiss, dismissing the suit and taxing costs against plaintiff.

Plaintiff first insists:

The first issue presented to this Court for review is whether the Trial Court abused its discretion and erred by not granting the plaintiff's first amended complaint and motion to continue hearing on motion to dismiss and/or for summary judgment.

■ Apparently, the quoted verbiage refers to the denial of leave to amend. T.R.C.P. Rule 15 allows an *amendment* of a pleading at any time before the filing of a responsive pleading is filed. At the time plaintiff moved for leave to file an amended (restated, substitute) complaint, a motion to dismiss the original complaint had been filed, but no answer. Under these circumstances, plaintiff should have been allowed to "amend" her complaint. *Richland Country Club v. C.R.C. Equities, Inc.,* Tenn.App.1991, 832 S.W.2d 554.

■ However, the purpose of liberal leave for amendment is to permit the pleader to supply additional facts to support the position of the pleader rather than to restate the same facts stated in the former pleading. The proposed "amended complaint" has been carefully examined. It differs from the first complaint only in alleging different titles or positions of defendants, and that the defendants' actions had violated plaintiff's civil rights, and in praying for a declaration of rights, transfer to the State Division of Claims and attorney's fees.

■ If the first complaint fails to state a claim cognizable by the Courts of Tennessee, the proposed amended claim also fails to do so.

Plaintiff's brief fails to identify any right, common law or statute which requires relief as a result of the facts stated in the complaint and/or proposed amended complaint.

There is no statutory right to judicial review of a grade received in a state educational institution. *Horne v. Cox,* Tenn.1977, 551 S.W.2d 690; *Ingraham v. Wright,* 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977); *Parate v. Isibor,* 6th Cir.1989, 868 F.2d 821.

Plaintiff appears to argue that the criminal laws against obscenity in some way confer upon a person who objects to obscenity a civil right for damages from the person imposing the obscenity. No authority for this proposition is cited, and none is known to this Court.

For the reasons stated, this Court holds that, due to the ineffective content of the proposed amended complaint, its rejection by the Trial Court was not error.

Likewise, and for the same reasons, the dismissal of the original complaint was not error.

Moreover, no error is found in the disposition of procedural motions by the Trial Court. In any event, the cause is before this Court for review *de novo*, T.R.A.P. Rule 13(d), and this Court has reviewed all of plaintiff's allegations and contentions without finding any basis for judicial relief.

It is, of course, distressing for a college student to face embarrassing matters in the course of study. Differences in mores, morals and social standards must be faced, even though they need not be embraced. Plaintiff and all other similarly situated students have the sincere sympathy of this Court, but the law affords no basis for judicial action.

The foregoing disposes of the merits of this appeal and renders moot other questions raised. Therefore, only brief comments will be made thereon.

Plaintiff raises the question of alleged interest of the Trial Judge and the need for recusal. The Trial Judge has furnished this Court with his certificate of the pertinent facts. Plaintiff has presented her hearsay and opinion, but no first hand evidence of any circumstance of impropriety. Moreover, the *de novo* review by this Court renders harmless any alleged incompetence of the Trial Judge.

The defendants have sought dismissal because the plaintiff has a claim pending before the State Board of Claims. Until the Board of Claims finds that all of the acts complained of were within the authority and duties of the defendants as employees of the State of Tennessee, the pending claim against the state is not conclusive of the rights of plaintiff against these defendants. T.C.A. § 9–8–307(b).

The judgment of the Trial Court is affirmed, and the cause is remanded to the Trial Court for any necessary and appropriate proceedings. Costs of this appeal are taxed against the plaintiff.

Affirmed and Remanded.

LEWIS and CANTRELL, JJ., concur.