# IN THE COURT OF APPEALS OF TENNESSEE

## AT KNOXVILLE

| | |
|---|---|
| ROY R. FERGUSON, | ) C/A NO. 03A01-9902-CV-00038 |
| | ) |
| Plaintiff-Appellant, | ) ROANE CIRCUIT |
| | ) |
| v. | ) HON. RUSSELL SIMMONS, JR., |
| | ) JUDGE |
| SHERRY HOPPE, DONNA PIERCE, | ) |
| AND HAROLD L. UNDERWOOD, | ) AFFIRMED |
| | ) AND |
| Defendants-Appellees. | ) REMANDED |

JERROLD L. BECKER and SAMUEL W. BROWN, BECKER, THOMFORDE, BROWN & KNIGHT, P.C., Knoxville, for Plaintiff-Appellant.

PAUL G. SUMMERS, Attorney General and Reporter,
MICHAEL E. MOORE, Solicitor general, and
MICHAEL W. CATALANO, Associate Solicitor General, Nashville, for Defendants-Appellees.

## O P I N I O N

Franks, J.

In this action, the Trial Court dismissed the plaintiff's complaint, and he has appealed.

Appellant Roy Ferguson was employed as an Assistant Professor/ Program Director for the Opticianry Program at Roane State Community College. Ferguson applied for, but did not receive, tenure in 1993. He applied again in 1994 and was again denied. Defendant, Dr. Donna Pierce, Associate Dean for Health Services, recommended that appellant's contract not be renewed, and Roane State ultimately decided not to renew appellant's contract.

Appellant's complaint against Pierce, Dr. Sherry Hoppe and Dr. Harold

Underwood alleged claims of civil conspiracy, defamation and tortious interference with prospective economic advantage. It essentially alleges that the defendants conspired to prevent his promotion and grant of tenure and made defamatory statements regarding his performance and conduct. Appellant also filed a complaint with the Division of Claims Administration in May 1996. The complaint was transferred to the Tennessee Claims Commission and filed August 16, 1996. On January 30, 1998, the defendants moved to dismiss the Circuit Court complaint for failure to state a claim upon which relief can be granted. Appellant filed a Motion to Amend his complaint seeking to substitute a claim for tortious interference with a contractual relationship in place of the claim for tortious interference with prospective economic advantage.

On August 27, 1998, the Trial Court held that Ferguson failed to state a claim for defamation and was further barred by the statute of limitations. The Court also held that appellant failed to state a claim for civil conspiracy because he did not allege any overt act by the defendants. Finally, the Trial Court held that appellant's attempt to amend his complaint still alleged only tortious interference with prospective economic advantage which is not recognized in Tennessee.

Our review of the record compels us to conclude that the Trial Court properly dismissed the complaint although it unnecessarily decided several issues. The familiar Rule applicable here is that if a trial court properly decides the case, but gives the wrong reasons, it will necessarily be upheld on appeal.

T.C.A. §9-8-307(b) is applicable in this case:

> Claims against the state filed pursuant to subsection (a) shall operate as a waiver of any cause of action, based on the same act or omission, which the claimant has against any state officer or employee. The waiver is void if the commission determines that the act or omission was not within the scope of the officer's or employee's office or employment.

No published Tennessee case addressing this section has been called to our attention.

In *White v. Gerbitz*, 860 F.2d 661 (6th Cir. 1988), *cert. denied*, 489 U.S. 1028 (1988), the Sixth Circuit determined that the plaintiff waived his federal civil rights claims by filing with the Tennessee Claims Commission. The court addressed the operation of T.C.A. § 9-8-307(b):

> [T]he Tennessee Claims Commission has not yet addressed the merits of plaintiff's claim. If the claims commission concluded that the defendants' acts were outside the scope of their employment, the plaintiff would be free to pursue a cause of action in federal court as no waiver would have occurred . . . We find the district court erred in not dismissing the plaintiff's federal cause of action and remand with instructions to the district court to enter an order of dismissal. This order should provide that in the event the waiver provision of the Tennessee statute is not invoked due to the defendants' acts being deemed outside the scope of their employment, the plaintiff may present an order within sixty (60) days of the state action reinstating his claims to the federal district court's docket. Accordingly, inherent in our holding is that the statute of limitations on plaintiff's federal cause of action is tolled in the interim.

*Id.* at 665.

In this case, the appellant has filed a claim with the Tennessee Claims Commission. In that claim he alleges that the State "is being sued on account of the actions of" the defendants. Thus, appellant has waived any claims against the defendants in the Circuit Court unless the Claims Commission determines that defendants' actions were outside the scope of their employment. *White* is persuasive on this issue. *See also Smithson v. State*, 1991 WL 95691 (Tenn.App.)(citing *White)*.

Appellant insists he has not waived his claims, and in support of this position he cites *Lester v. Walker*, 907 S.W.2d 812 (Tenn.App. 1995). The *Lester* court noted that "[u]ntil the Board of Claims finds that all of the acts complained of were within the authority and duties of the defendants as employees of the State of Tennessee, the pending claim against the state is not conclusive of the rights of plaintiff against these defendants." *Id.* at 815. In *Lester*, however, the court had already determined that the plaintiff's failure to state a claim upon which relief could

be granted rendered all other questions "moot." *Id.* Thus, the language relied upon by appellant is dicta. Moreover, the procedure we elect to follow ultimately renders the same result.

The appellant also cites the unreported case of *Wright v. Seay*, 1997 WL 576538 (Tenn.App.). In *Wright*, however, the plaintiff never filed a claim before the Claims Commission. Thus, T.C.A. § 9-8-307(b) was not at issue. Moreover, the Court noted that *White* was not applicable to its decision. Finally, the Court interpreted *White* as holding that "a filing in the claims commission waives the right to sue in the trial court." *Id.* at *2.

We conclude that the Trial Court properly dismissed appellant's complaint, but it should have based the dismissal on T.C.A. §9-8-307(b), and we remand for the entry of an order in accordance with this Opinion which will provide that in the event the Commission should conclude that the acts of the defendants were outside their scope of employment, then the plaintiff may within sixty days of such decision upon application, be permitted to reinstate his action to the Trial Court's docket.

The cost of the appeal is assessed to the appellant.

_____
Herschel P. Franks, J.

CONCUR:


_____
Houston M. Goddard, P.J.


_____
William H. Inman, Sr.J.

4