Lowell V. POLING, Plaintiff/Appellant,

v.

J.L. GOINS and Narsh D. Benson,
Defendants/Appellees.

Supreme Court of Tennessee,
Eastern Section, at Knoxville.

June 30, 1986.

Benton H. Jones, Knoxville, for plaintiff/appellant.

W.J. Michael Cody, Atty. Gen. and Reporter, Richard L. Colbert, Asst. Atty. Gen., Stephanie R. Reevers, Asst. Atty. Gen., for J.L. Goins.

Linda J. Hamilton, R. Loy Waldrop, Jr., William P. Newkirk, Knoxville, for Narsh D. Benson.

## OPINION

HARBISON, Justice.

The Court granted review in this case to consider whether the courts of this state may appropriately entertain actions brought under the Civil Rights Act of 1871 as amended, 42 U.S.C. §§ 1983 *et seq.*

In one of the first cases in recent years to consider the subject, *Chamberlain v. Brown,* 223 Tenn. 25, 442 S.W.2d 248 (1969), this Court held that the state courts need not entertain such actions. It noted

that the statutes authorizing these suits were originally directed to trial courts in the federal system and not to the respective states.

■ Although the opinion in that case was extensively researched and was buttressed by historical documentation, it did not consider subsequent revisions of the federal statutes. It has not been followed in the numerous decisions from other jurisdictions which have since considered the question. Further, the Supreme Court of the United States has interpreted the federal legislation in its modern and amended form as permitting such actions to be brought in state courts and has held that federal jurisdiction is not exclusive.[1] It has not held that state courts are mandated to entertain such actions. However, after further consideration of the subject, we are persuaded that the subsequent interpretation of the federal statutes by the Supreme Court of the United States makes it appropriate that we now overrule *Chamberlain v. Brown, supra,* and hold that such actions may be brought and tried in the Tennessee state court system.

Appellant was employed from August 1980 until June 1983 as a maintenance superintendent at the State Technical Institute of Knoxville. Appellee Benson was the Business Manager of the institution who supervised the work of appellant, and appellee Goins was the President of the Institute. The complaint alleges that prior to July 1, 1983 the institution operated under the State Board of Education and that since that date it has been operating under the Board of Regents of State Universities and Colleges.

The complaint alleges that appellant was on a "tenure track" and that he was "working toward gaining tenure" in this institution, but at no point is it claimed that he held tenure or any binding contract for future employment.

The action sought damages in tort for alleged interference with employment and conspiracy to render appellant's working conditions intolerable so as to force his resignation.

The complaint did not charge that adequate administrative remedies were lacking or that they had been exhausted. The complaint cites no specific state statutes or regulations alleged to have been violated, as required by Rule 8.05(1), T.R.C.P.[2]

■ Primarily the suit was a common-law tort action for compensatory and punitive damages. Both the trial court and the Court of Appeals reviewed the various common-law claims asserted and found them insufficient to state a cause of action under Tennessee law. Defensive motions filed on behalf of appellees were sustained. We have reviewed the various common-law claims asserted by appellant and find no error with respect to the action taken by the trial court and the Court of Appeals. Accordingly their disposition of those claims is affirmed.

On the day of the hearing in the trial court, appellant amended the complaint by deleting an allegation that appellees were acting in their official capacities. The complaint included a claim for damages under 42 U.S.C. §§ 1983 and 1985, for alleged violation of his civil rights. Both courts below held that such a claim could not be entertained in the state courts, relying upon *Chamberlain v. Brown, supra.*

As an appendix to its opinion the Court of Appeals cited forty decisions from other states, all rendered since *Chamberlain v. Brown, supra,* holding expressly or impli-

---

1. As presently codified, neither § 1983 nor § 1985 of Title 42 U.S.C., makes any reference to the courts in which such actions may be brought.

2. "Every pleading stating a claim or defense relying upon the violation of a statute shall, in a separate count or paragraph, either specifically refer to the statute or state all of the facts necessary to constitute such breach so that the other party can be duly apprised of the statutory violation charged. The substance of any ordinance or regulation relied upon for claim or defense shall be stated in a separate count or paragraph and the ordinance or regulation shall be clearly identified. The manner in which violation of any statute, ordinance or regulation is claimed shall be set forth." T.R.C.P. 8.05(1)

edly that actions under these federal statutes could be maintained in state courts. A concurring opinion cited the interpretation of the federal statutes by the Supreme Court of the United States in *Maine v. Thiboutot,* 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980) and *Martinez v. California,* 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980). In those cases the Supreme Court held that state courts have concurrent jurisdiction to entertain actions brought under the provisions of 42 U.S.C. §§ 1983 *et seq.,* and that the statutory provisions permitting the filing of such actions in federal district courts are not exclusive.

In view of this interpretation of the federal legislation and in view of the almost unanimous judicial authority in other states since the decision in *Chamberlain v. Brown, supra,* we are of the opinion that that decision should be and the same hereby is overruled insofar as it held that state courts may not or should not exercise jurisdiction in such cases.

We further note that very shortly after the date of the *Chamberlain* decision, the General Assembly enacted a one-year statute of limitations for actions "brought under the federal civil rights statutes...." 1969 Tenn.Pub.Acts, ch. 28, now codified as part of T.C.A. § 28–3–104(a). While this may have been enacted as a guide for federal district courts, since the original Civil Rights Act of 1871 contained no statute of limitations, it seems somewhat anomalous for the General Assembly to provide a state statute of limitations for cases in which state courts do not have jurisdiction.

We are persuaded that citizens of the state should have access to state courts, if they desire, to assert claims arising under the various federal civil rights statutes, including 42 U.S.C. §§ 1983 and 1985.

Accordingly we agree with the suggestion of the Court of Appeals that the decision in *Chamberlain v. Brown, supra,*

should be overruled. We have examined the appellate record to determine whether appellant has demonstrated a claim under the federal statutes just cited.

As previously stated, the complaint was amended to delete any allegation that the appellees acted in their official capacities as state officers. It does not allege that appellant had tenure or any other binding contract. From the allegations of the complaint it appears that the employment of appellant was subject to termination at will. In the briefs it is alleged that he had a one-year contract which was not renewed, but there is no factual allegation that he had any vested property right in continued employment or that any contract he held was shortened or prematurely terminated. There is no suggestion that he was discharged for exercising any constitutional rights, such as those protected under the first amendment to the United States Constitution [3], nor is there any allegation that such administrative remedies as may have been available to him were inadequate or that they had been exhausted.

Insofar as we can ascertain, appellant was a probationary employee who hoped to achieve tenure but who had not been employed for sufficient time to attain that status.

In an affidavit supporting his motion to dismiss, appellee Goins stated that the position held by appellant was abolished in the early part of 1983. The affidavit stated that the Institute had two campuses and that formerly appellant had been maintenance supervisor of both. For reasons of economy and efficiency, the single position was abolished and separate positions were created at each of the facilities. It was alleged that appellant was offered one of these positions at a lower salary and refused it.

We have considered the allegations of the complaint most favorably to appellant and have reviewed such authorities as have

---

**3.** While the complaint alleged that appellant exercised his freedom of speech to write to the President complaining about the Business Manager, this is an essentially private communication. *See Roseman v. Indiana University of Pennsylvania,* 520 F.2d 1364 (3d Cir.1975). There is no claim of public communication concerning any public issue.

been cited by him in support of his contention that they state a claim under 42 U.S.C. §§ 1983 and 1985.

We note, however, that in response to the complaint, appellees filed a motion to dismiss, alleging lack of jurisdiction, failure to exhaust administrative remedies and failure to state a claim for relief. The trial judge sustained all of these grounds after considering the entire record. Since the Court of Appeals felt bound by the *Chamberlain* decision of this Court, *supra*, it dismissed the civil rights claim without considering its merits.

When matters outside the pleadings, such as the affidavit of Goins, are considered in connection with a motion for failure to state a claim for relief under T.R.C.P. 12.02(6), the motion is treated as one for summary judgment under Rule 56 T.R.C.P.

Although appellees' motions and the Goins' affidavit were filed well before the hearing by the trial judge, appellant filed no counter-affidavits, depositions or other proof. The Goins affidavit was entirely unrebutted. Appellant sought no additional time to reply to it.

Under Rule 56.05, when a motion is supported by an affidavit or by other evidence,

"... an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

In this case a probationary employee became involved in a dispute with his superiors over working conditions and over his job performance. For economic reasons his position was abolished before he gained tenure, and he declined another position. There is no showing that this situation developed because of his assertion of any right of public speech, assembly, religion or any other interest protected by the federal constitution or laws. In our opinion summary judgment was appropriate on this record. Appellant did not amend his pleadings to meet the motions to dismiss nor did he file any response to the affidavit of Goins, although he had ample opportunity to do so.

As pointed out in *Fowler v. The Happy Goodman Family*, 575 S.W.2d 496, 498 (Tenn.1978):

"A motion for summary judgment goes to the merits of the litigation. One faced with such a motion may neither ignore it nor treat it lightly."

The judgments of the courts below are modified in view of our holding that *Chamberlain v. Brown, supra*, is overruled. Otherwise they are in all respects affirmed and the action is dismissed at the cost of appellant. The cause will be remanded to the trial court for any further proceedings which may be necessary.

BROCK, C.J., and FONES, COOPER and DROWOTA, JJ., concur.