IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 22, 2002

## HARRISON M.X. PEARISON v. DONAL CAMPBELL, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 99C-2879     Carol Soloman, Judge**

---

**Nos. M2000-01105-COA-R3-CV & M2001-00724-COA-R3-CV - Filed November 26, 2002**

---

Harrison M.X. Pearison filed suit, pro se, in the Circuit Court of Davidson County against the Commissioner of the Tennessee Department of Corrections, the Executive Officer and Board of Directors of Corrections Corporation of America, Hardeman County Sheriff Cecil Jeter, Alan Bargery, Warden of Hardeman County Correctional Facility, and Dr. Leslie Shumake, seeking compensatory and punitive damages. The trial court sustained the Motion for Summary Judgment of Sheriff Jeter and Motions to Dismiss by all other Defendants. We affirm the actions of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., and PATRICIA J. COTTRELL, J., joined.

Harrison M.X. Pearison, Mountain City, Tennessee, Pro Se.

Paul G. Summers, Attorney General & Reporter; Arthur Crownover, II, Senior Counsel Civil Rights and Claims Division, for the appellee, Donal Campbell.

Robert B. Littleton and David L. Johnson, Nashville, Tennessee, for the appellee, Cecil Jeter, Sheriff of Hardeman County.

Tom Anderson, Jackson, Tennessee, for the appellees, Alan Bargery, and Corrections Corporation of America.

# MEMORANDUM OPINION[1]

Appellant is an inmate at Hardeman County Correctional Facility and on October 12, 1999 filed suit in the Circuit Court of Davidson County against Defendants, jointly and severally, seeking damages.

Hardeman County Sheriff Cecil Jeter filed a Motion for Summary Judgment on grounds of improper venue and failure to state a claim on which relief might be granted. The other Defendants, except for Dr. Leslie Shumake, filed Motions to Dismiss for failure to state claims upon which relief could be granted. On February 7, 2000, the trial court granted the Motion for Summary Judgment of Sheriff Jeter. On February 14, 2000, the trial court granted Motions to Dismiss filed by Corrections Corporation of America and Alan Bargery. On March 27, 2000, the trial court granted the Motion to Dismiss of Commissioner Donal Campbell. Harrison appealed, but claims against Defendant Leslie Shumake were not resolved. his appeal was dismissed by this Court on September 8, 2000 because the judgment lacked finality. On December 13, 2000, the trial court entered an order dismissing the case as to Dr. Shumake. The Motion to Reconsider, filed by Pearison, was denied by Order of the trial court of February 26, 2001, and, on March 22, 2001 Pearison filed his Notice of Appeal.

1.      Defendant Sheriff Cecil Jeter

The Complaint alleged:

> Cecil Jeter was the Sheriff of Hardeman County while the plaintiff was housed at the Hardeman County Correctional Facility, and was responsible for the care of all inmates contracted to be housed by the [C]ounty for [the] Tennessee Department of Corrections, even when said inmates are housed in a privately owned and/or managed facility, in this case, the manager being Corrections Corporation of America, and is sued in both his official and individual capacity.

Sheriff Jeter filed a Motion for Summary Judgment accompanied by an affidavit asserting:

> 2.      As the duly elected Sheriff of Hardeman County, Tennessee, I have, by statute, custody and charge of the Hardeman County jail.
> 3.      The Hardeman County jail, and other county jails, primarily house county prisoners, who are persons who have been sentenced to the county jail for misdemeanor offenses. While some state prisoners, who are persons who have been

---

[1]Court of Appeals Rule 10:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

sentenced to prison for felony offenses, are sometimes housed in the Hardeman County jail, to the best of my knowledge, the plaintiff in this case, Harrison M.X. Pearison a/k/a Abdul Hasson Ali, has never been housed in the Hardeman County jail.

4.     As I understand the plaintiff's complaint in this case, all of his allegations relate to his treatment while he was housed at the Correction Corporations of America ("CCA") facility, which is located in Hardeman County. The CCA facility is a privately owned and operated prison facility which has no connection whatsoever to the county jail of Hardeman County. I personally have no authority, duty, role or responsibility in the operation, maintenance, management, or any other area of operation, of the CCA facility. It is my understanding that the CCA facility is under contract with the State of Tennessee Department of Correction to house state prisoners there.

Treating his T.R.C.P. Rule 12.02(6) motion as a motion for summary judgment, the affidavit of Jeter completely negates the non-moving party's claim and such motion was properly granted by the trial court. *Pendleton v. Mills*, 73 S.W.3d 115, 120-21 (Tenn. Ct. App. 2001).

2.     Commissioner Donal Campbell

The Complaint asserts that Commissioner Campbell is sued in both his official and individual capacities. It is further alleged:

3.4     The plaintiff alleges that the transfer of the plaintiff to HCCF was illegal and the result of a conspiracy between Donal Campbell, CCA, and Cecil Jeter to circumvent state law concerning private prison contracting.

3.5     The Plaintiff alleges that, due to his illegal transfer, his medical condition was negligently treated and diagnosed, and largely ignored, and that as a result, needless and undue pain and suffering wer[e] incurred on the part of the Plaintiff.

3.6     The Plaintiff alleges that, upon his return to a TDOC operated facility, namely the West Tennessee State Penitentiary (hereinafter referred to as WTSP), he received adequate diagnosis and treatment of his injuries.

3.7     The Plaintiff alleges that the TDOC has circumvented relevant State of Tennessee law concerning private prison contracting by contracting inmates to the Hardeman County Sheriff's Department (hereinafter referred to as HCSD), who is in turn sub-contracting the housing of said State inmates to HCCF through CCA. The Plaintiff is unable to find no statutory authority which allows the TDOC to contract for the housing of inmates in this manner, and has in fact found relevant law to the contrary.

3.8     The Plaintiff alleges that State prisoners housed at HCCF are considered by all parties as TDOC prisoners, due to, among many things, the fact that the uniforms worn by inmates at HCCF are standard TDOC uniforms, or "blues," and

that various paperwork promulgated by TDOC refers to HCCF as a "County facility operated by CCA and contracted by TDOC to house state inmates."

. . . .

## CAUSE FOR DAMAGES

5.1     As discussed above, there is no statutory authority to house inmates in the manner described in the case at bar. In fact, the statutes indicate that State Law actually bars this action. The lack of legal [justification] for these actions render them outside the scope of employment of Donal Campbell, and remove any protection from liability under T.C.A. §9-8-307. Since these actions are illegal, the same theory removes protection from liability from Cecil Jeter. CCA is a private corporation, thereby enjoying no protection from liability under the doctrine of "[sovereign immunity]" or any governmental protection.

5.2     Due to the fact that the medical care system that was created by this illegal contracting, [b]oth Jeter and Campbell are responsible for the negligent treatment of the Plaintiff.

Such general and conclusory allegations of conspiracy, asserting no specific facts, are insufficient to state a cause of action. General allegations relative to statutory violations or violations of ordinances or regulations are likewise insufficient.

T.R.C.P. Rule 8.05(1) provides:

Every pleading stating a claim or defense relying upon the violation of a statute shall, in a separate count or paragraph, either specifically refer to the statute or state all of the facts necessary to constitute such breach so that the other party can be duly apprized of the statutory violation charge. The substance of any ordinance or regulation relied upon for claim or defense shall be stated in a separate count or paragraph and the ordinance or regulation shall be clearly identified. The manner in which violation of any statute, ordinance or regulation is claimed shall be set forth.

The Motion to Dismiss filed by Commissioner Campbell was properly granted by the trial court. *Poling v. Goins*, 713 S.W.2d 305, 306 (Tenn. 1986).

The record shows that Commissioner Campbell's Motion to Dismiss was filed on February 4, 2000, and that Plaintiff did not respond to that motion. The trial court held:

Plaintiff Pearison, *pro se*, did not file a response to said motion, but did file a request for an extension of time to March 17, 2000 in which to respond to the motion. Pearison filed a second request for extension of time beyond March 17, 2000, on the grounds that he has been seriously ill. The Court finds that Pearison, who was certified a copy of the motion on February 4, 2000, has had ample time in which to respond to Defendant Campbell's Motion to Dismiss, and that due to his

-4-

failure to timely respond, the Court finds that Defendant Campbell's motion should be GRANTED for failure to prosecute.

Such a dismissal by the trial court is reviewed under an abuse of discretion standard. *Manufacturers Consolidation Service, Inc., et al. v. Rodell, et al.*, 42 S.W.3d 846 (Tenn. Ct. App. 2000). The trial court did not abuse its discretion in dismissing the case against Commissioner Campbell for failure of Appellant to prosecute the case.

3.      Corrections Corporation of America and Alan Bargery

Appellant asserts in his Complaint: ". . . His medical condition was negligently treated and diagnosed and largely ignored, and that as a result, needless and undue pain and suffering was incurred on the part of the plaintiff." He then asserts that ". . . Upon his return to a TDOC operated facility, namely the West Tennessee State Penitentiary (hereinafter referred to as WTSP), he received adequate diagnosis and treatment of his injuries."

No facts are asserted in the Complaint but merely conclusions of the pleader. This is inadequate as a matter of law under T.R.C.P. Rule 8.01 and the trial court was correct in dismissing this action against Corrections Corporation of America and Alan Bargery. *Donaldson v. Donaldson*, 557 S.W.2d 60 (Tenn. 1977).

4.      Dr. Leslie Shumake

The Defendant, Dr. Shumake, named in the complaint, has never been served with process and, as with the other Defendants, nothing is alleged in the complaint against him other than the bare conclusory allegations that he has provided Appellant with inadequate medical treatment. No facts are asserted to support such allegations and the case against him was correctly dismissed by the trial court.

CONCLUSION

The trial court correctly granted summary judgment to Defendant Jeter and correctly dismissed the action against Commissioner Campbell, both for failure to state a cause of action and for failure to prosecute. The trial court correctly dismissed the action against Corrections Corporation of America and Alan Bargery for failure to state a claim on which relief could be granted. The trial court correctly dismissed the action against Dr. Shumake, both for failure to serve him with process and failure to state a claim upon which relief could be granted.

The judgment of the trial court is in all respects affirmed with costs of the cause assessed against Appellant.

_____
                                                     WILLIAM B. CAIN, JUDGE

-5-